IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv1442 (JCC/TRJ) |
| | ) | |
| Veltsistas, LLC | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion for default judgment (no. 11) against defendant Veltsistas, LLC ("Veltsistas").[1]  Pursuant to Va. Code §§ 12.1-19.1, 13.1-836 B, and 8.01-299.2, process for Veltsistas was served on the Clerk of the State Corporation Commission of the Commonwealth of Virginia, who issued a certificate of compliance on March 16, 2011 (no. 6).  Plaintiff filed the certificate of compliance with this court on March 17, 2011 (no. 6).  There has been no answer or other response to the complaint.  The Clerk entered default on April 22, 2011 (no. 8).  Upon consideration of the record, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff's favor against Veltsistas.

**Jurisdiction and Venue**

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this matter arises under the Communications Act of 1934, 47 U.S.C. §§ 553 and 605.  Venue is proper pursuant to 28 U.S.C.

---

[1] The complaint in this matter names as defendants Veltsistas, LLC and a John Doe defendant, but plaintiff seeks default judgment only as to Veltsistas, LLC.

§ 1391(b), as the events giving rise to the claims in this matter occurred in this district.

## Standard

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pleaded allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55. By defaulting, a defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pleaded facts).

## Factual Background

The well-pleaded allegations of the complaint establish the following facts.

Plaintiff Joe Hand Promotions, Inc. is a Pennsylvania corporation with a principal place of business located in Pennsylvania. Compl. ¶ 4. Defendant Veltsistas is a Virginia limited liability company with a principal place of business located in Manassas, Virginia. Compl. ¶ 5.

Plaintiff entered into a license agreement whereby it paid to secure closed-circuit television broadcasting rights for commercial establishments in Virginia for the December 27, 2008 telecast of the event known as Ultimate Fighting Championship 92: "The Ultimate 2008" (the "Event"). Compl. ¶¶ 6-7. Pursuant to the license agreement, plaintiff had the right to distribute the broadcast of the Event to commercial establishments such as theaters, arenas, bars,

clubs, lounges, and restaurants, and such establishments could only broadcast the Event if they were contractually authorized to do so by plaintiff.  Compl. ¶¶ 6-8.  The transmission of the broadcast of the Event was electronically coded, such that electronic decoding equipment was necessary for a clear telecast.  Compl. ¶ 10.  Plaintiff negotiated broadcast contracts with several commercial establishments in Virginia, and provided them with either the capability to decode the broadcast or the satellite coordinates needed to receive the broadcast.  Compl. ¶¶ 9, 12.

Defendant operates a commercial establishment known as City Grille in Manassas, Virginia.  Compl. ¶ 5.  Defendant did not purchase broadcast rights to the Event for broadcast at City Grille from plaintiff.  Compl. ¶ 11.  Nonetheless, City Grille broadcast the Event on December 27, 2008 for its patrons.  Compl. ¶¶ 13, 15-16.

## Discussion and Findings

The magistrate judge makes the following findings:

First, the magistrate judge finds that the broadcast of the event occurred via both cable and satellite mediums, and that both 47 U.S.C. §§ 553 and 605 are therefore applicable.  *See Int'l Cablevision v. Sykes*, 75 F.3d 123, 130-33 (2d Cir. 1996).

Second, the magistrate judge finds that plaintiff acquired the right to distribute the broadcast of the Event to commercial establishments in Virginia, and thereby had a proprietary interest in the broadcast of the Event.  Plaintiff is accordingly a "person aggrieved" within the meaning of 47 U.S.C. §§ 553(c)(1) and 605(e)(3)(A) and may properly bring a civil action for violations of 47 U.S.C. §§ 553 and 605.

Third, the magistrate judge finds that defendant broadcast the Event in a commercial establishment in Manassas, Virginia without contractual authorization from plaintiff, and did so for commercial gain.  As defendant could not have broadcast the Event without intercepting and

decoding the transmission of the broadcast, defendant violated 47 U.S.C. §§ 553(a)(1) and 605(a).

Fourth, the magistrate judge finds that although plaintiff has established claims under both 47 U.S.C. §§ 553 and 605, plaintiff cannot recover under both sections. *See Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008) ("recovery under *both* section 553 and section 605 is improper") (citing *Garden City Boxing Club, Inc. v. Puebla's Grocery*, 2007 WL 4243219, at *3 (E.D.N.Y. Nov. 29, 2007)). Plaintiff's motion does not make clear under which section it seeks damages. The magistrate judge accordingly evaluates the amount of damages under 47 U.S.C. § 605, as that section permits a higher damage award.

Fifth, the magistrate judge finds that the appropriate amount of statutory damages is $5,000.00. Pursuant to 47 U.S.C. § 605(e)(3)(C)(i), the court may award either (1) actual damages or (2) statutory damages between $1,000.00 and $10,000.00. Plaintiff avers under oath that its actual damages are at least $975.00, representing the license fee that would have been charged to a commercial establishment with a capacity of 150 patrons, as plaintiff's investigator estimated was the capacity of City Grille. Aff. of Joe Hand, Jr. (no. 17) ¶ 8; Aff. of Justin Paul Martin (no. 12-1). Plaintiff, however, seeks statutory damages of $10,000.00. *See* Pl.'s Mem. in Supp. of Mot. for Def. J. (no. 12) p. 4. As this court has noted, courts have taken two approaches to calculating damage awards in prior cases, either basing damages on the number of patrons present or simply applying a flat amount where a calculation based on the number of patrons would be an insufficient deterrent. *See J & J Sports Prods., Inc. v. Lara Sport House Corp.*, 2011 WL 4345114, at *5 (E.D. Va. Aug. 26, 2011) (Davis, M.J.) (report and recommendation adopted by 2011 WL 4345098 (E.D. Va. Sept. 14, 2011)). In this case, plaintiff's investigator avers under oath that he took three counts of the number of patrons in City Grille on the evening

the Event was broadcast, counting 35, 51, and 63 patrons before leaving shortly after midnight, or a little more than two hours after the broadcast began. Aff. of Justin Paul Martin. The magistrate judge finds that an appropriate calculation of damages is the average number of patrons present during the broadcast of the Event, *i.e.*, 50, multiplied by $100.00 per patron, for a total of $5,000.00. That amount is well in excess of the license fee plaintiff would have charged and thus provides a deterrent against future misconduct. *Cf. Joe Hand Promotions, Inc. v. Bougie, Inc.*, 2010 WL 1790973, at *5 (E.D. Va. Apr. 12, 2010) (Davis, M.J.) (report and recommendation adopted by 2010 WL 1790883 (E.D. Va. May 3, 2010)).

Sixth, the magistrate judge finds that plaintiff is entitled to enhanced damages of $5,000.00, as defendant willfully intercepted and decoded the transmission and broadcast the Event for private financial gain. Where the court finds that a violation of 47 U.S.C. § 605 was willful and for commercial advantage or private financial gain, the court may increase the amount of damages, whether actual or statutory, by no more than $100,000.00 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii). The amount assessed should be sufficient to deter, and should consider such factors as "repeated violations over an extended period of time; substantial unlawful monetary gains; significant actual damages to plaintiff; defendant's advertising for the intended broadcast of the event; and defendant's charging a cover charge or charging premiums for food and drinks." *J & J Sports Prods.*, *supra* at *6 (quoting *Kingvision Pay-Per-View Ltd. v. Villalobos*, 554 F. Supp. 2d 375, 383 (E.D.N.Y. 2008)) (internal quotation marks omitted). Plaintiff has not alleged repeated violations by defendant, that defendant received substantial monetary gains by broadcasting the Event, significant damages to plaintiff, that defendant advertised its broadcast of the Event, or that defendant charged a premium for food and drinks. Plaintiff's investigator avers under oath that while he paid no cover charge to enter City Grille, it

appeared as he left that the establishment had begun collecting a cover charge at some point in the evening. Aff. of Justin Paul Martin. In light of that statement, the magistrate judge finds that it is clear that defendant did receive some financial gain in excess of increased sales by broadcasting the Event. Even if all 63 of the patrons observed by plaintiff's investigator at his highest count paid a $20.00 cover charge, defendant's gain on the cover charge alone would have been less than $1,500.00. The magistrate judge therefore finds that enhanced damages of $5,000.00 are sufficient to offset defendant's gain and to deter defendant from future misconduct.

Seventh, the magistrate judge finds that plaintiff is entitled to recover from defendant attorneys' fees and costs totaling $3,179.26. 47 U.S.C. § 605(e)(3)(B)(iii) requires a court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiffs' counsel avers under oath that the following is an accurate representation of the attorneys' fees and costs incurred in this proceeding. *See* Decl. of M. Scott Bucci (no. 12-3).

| Attorneys' Fees | | | |
|---|---|---|---|
| **Service** | **Rate** | **Time Used** | **Cost** |
| Counsel #1 | $160.00 | 15.3 | $2,448.00 |
| Paralegal #1 | $90.00 | 3.6 | $324.00 |
| **Total** | | | **$2,772.00** |

| Costs | |
|---|---|
| Filing Fees | $350.00 |
| State Corporation Commission Fees | $30.00 |
| Postage | $1.05 |
| Photocopying | $10.50 |
| Courier Fees | $15.71 |

| | |
|---|---|
| **Total** | **$407.26** |

The magistrate judge has examined the record and finds that the amounts billed are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.[2]

## Recommendation

The magistrate recommends that default judgment be entered against the defendant in favor of plaintiff in the amount of (1) $5,000.00 in statutory damages; (2) $5,000.00 in enhanced damages; and (3) $3,179.26 in attorneys' fees and costs.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows.  Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation.  A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

October 21, 2011
Alexandria, Virginia

---

[2] Plaintiff's counsel also estimates 6 hours of travel time for counsel to attend the hearing on this motion, and thereby seeks to recover an additional $960.00 in attorneys' fees.  The magistrate judge does not find that an award of those fees is warranted, as defendant should be burdened by plaintiff's choice of counsels' location.